SELDEN S. MINER v. BOARD OF SUPERVISORS OF SHIA-
WASSEE COUNTY.

*Costs of investigation of charges against prosecuting attorneys.*

A county is liable for the costs of judicial proceedings only when
    expressly made so by the Constitution or by statute, or when the
    costs are incurred in some suit or proceeding instituted or defended
    for or on behalf of the county itself by some county officer duly
    empowered or by some agent duly authorized.

An investigation of charges against a prosecuting attorney under Act
    243 of 1879 is not a criminal proceeding in any such sense as to
    make the costs thereof a charge upon the county in which it is con-
    ducted; nor is the prosecuting attorney so exclusively a county
    officer as to render it proper that the county rather than the State
    should pay them.

*It is suggested* that payment of the costs of investigations of charges
    against county and township officers should be provided for by leg-
    islation.

MANDAMUS.  Submitted Jan. 4.  Denied Jan. 10.

*Baldwin, Draper & Jacokes* for relator.

*Hugh McCurdy* for respondent.

COOLEY, J.  The purpose of this application is to compel
the respondent to make compensation to the relator for
his services as circuit court commissioner in taking and
reporting the evidence on the hearing of charges which
had been preferred against the prosecuting attorney of
Shiawassee county.

The charges were preferred by a citizen of that county
to the Governor, and were in the nature of an impeach-
ment.  The Governor, as required by the statute, appointed
the prosecuting attorney of an adjoining county to con-
duct an inquiry into the charges before a circuit court com-
missioner of Shiawassee.  The relator was thereupon desig-
nated as the commissioner, and it is not disputed that he

performed the services for which compensation is demanded. The proceedings were had under Compiled Laws, §§ 618 to 627, as amended in 1879. Public Acts 1879, p. 222. The respondent denies all liability, and has refused to consider the claim.

It is not claimed on the part of the relator that any statute imposes upon the respondent the duty to provide for these expenses. The statute is entirely silent respecting the costs of such proceedings, with the single exception that it charges the county with the fees of the witnesses. Pub. Acts 1876, p. 223. But the relator contends that the proceeding was one in which the county was concerned, because it involved one of its offices, and for that reason the expenses were a county charge. It was also in its nature criminal, and by the general·statute the expenses of criminal proceedings must be borne by the county in which they take place. These, shortly stated, are the grounds on which the relator relies.

It certainly cannot be said that the charges were preferred at the instance of the county, either express or implied; for the county and the respondent representing the county had nothing to do with them whatever. They were preferred by a private citizen, and they were sent down for examination by the Governor. The respondent may or may not have desired the investigation ; we have no information on that subject. Its desire one way or the other could not have controlled the action of the Governor or of the relator. Neither can it be said that the county in any legal sense had an interest in the investigation. It is important to the county, undoubtedly, that all its officers should be men of good reputation and unquestionable integrity ; but so it is that the Governor and other State officers should be men above reproach, and that the township officers, who in various ways have much to do with county matters, should also be men of undoubted worth. And it is of very great importance that the general reputation of the people of the county should be that of law-abiding and industrious people ; but it would not follow that any private citizen, without

the consent of the county authorities, could make himself the agent of the county to institute prosecutions against State or township officials at its expense, or to begin reformatory proceedings which in his opinion the public good of the county may require.

When the particular office of prosecuting attorney is considered, no one will question that the county is greatly concerned in his being a man of integrity, because he is the official adviser of the county, and must represent it in litigation. But the State is concerned also, for he is the attorney for the State in all local prosecutions, and is relied upon to see to the local administration of public justice in its behalf. He is a local officer as respects his election and salary, but his duties to a large extent are local only in the sense that they are to be performed locally; for they are performed on behalf of the State just as much as are the duties of the judge who holds the courts for his county. It cannot be said, therefore, that on the mere ground of interest in the office the law will cast the expense of such an investigation upon the county rather than upon the State. And from the statute itself it is impossible to deduce an intent one way or the other. The fact that the county is expressly charged with the witness fees may be thought to indicate a legislative view that the investigation was in the interest of the county; but on the other hand the failure to declare that the other expenses shall be borne by the county may afford an argument that the Legislature considered the witness fees the fair proportion to be paid by the county of these costs. Certainly no very safe conclusions can be drawn respecting any legislative intent which is not expressed in the statute itself.

We have no doubt it would have been entirely competent for the Legislature to make the costs either a State charge or a county charge, or partly a State and partly a county charge, as might be deemed just or expedient; but it is plain to us that it has wholly failed to make any regulation on the subject. The same statute provides for the removal by a similar proceeding of State, county and town-

ship officers; and if by implication we can say the costs in the case of a county officer are imposed upon the county, the same implication in the case of a township officer must impose the costs upon the town. We doubt if the Legislature would deliberately and purposely do this; at least without making some exceptions, or giving to the township authorities some discretion to intervene; and the silence of the statute respecting costs, if it does not conclusively prove that the draughtsman of the bill did not have that subject in mind, will at least preclude our divining what the legislative will would have been if expressed. We cannot make the law to supply legislative omissions.

It is said above that the proceeding against the prosecuting attorney was in the nature of an impeachment; but it was not in any strict sense criminal, so as to come within the statutes which impose upon counties the costs of criminal proceedings. And we know of no case in which a county can be liable for costs, unless expressly made so by the Constitution or by statute, or unless they are the costs of some suit or proceeding instituted or defended for or on behalf of the county itself by some county officer duly employed, or some agent duly authorized.

Whether the State Auditors would consider it within their province to make compensation to the relator for his services we of course cannot know; but it would be eminently proper that the Legislature should by general law provide for all such cases.

In the absence of such a law, we must deny the relief which is sought by this proceeding. No costs.

The other Justices concurred.